PEOPLE *v.* MAGLICH.

1. CRIMINAL LAW—RAPE—LEADING QUESTIONS.

In a prosecution for rape, objection by defendant that the prosecutor developed his case with the complaining witness by asking leading questions may not be raised for the first time in the Supreme Court.[1]

2. SAME—TRIAL—INSTRUCTIONS—"REASONABLE DOUBT."

An instruction on the question of "reasonable doubt" that the term "is not meant as a stumbling block for the jury," *held*, not error, when considered in connection with the context, although it might as well have been omitted.[2]

3. SAME—VOLUNTARY INTOXICATION AS A DEFENSE.

In a prosecution for rape, an instruction on the subject of voluntary intoxication as a defense to crime, which only stated the law in a plain, unvarnished way, is not open to the objection that it belittled defendant's testimony as to his intoxication.[3]

4. RAPE—PENETRATION—EVIDENCE—SUFFICIENCY.

In a prosecution for rape, testimony as to penetration, *held*, sufficient to take the case to the jury.[4]

Error to Oakland; Gillespie (Glenn C.), J. Submitted January 14, 1926. (Docket No. 140.) Decided March 20, 1926.

Thomas Maglich was convicted of rape, and sentenced to imprisonment for not less than 5 nor more than 10 years in the State reformatory at Ionia. Affirmed.

*Echlin & Lendzion*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Clyde D. Underwood*, Prosecuting Attorney, for the people.

---

[1] Criminal Law, 17 C. J. §§ 3328, 3331; [2] Id., 16 C. J. §§ 2398, 2493; [3] Id., 16 C. J. § 2374; [4] Rape, 33 Cyc. pp. 1486, 1501.

What intoxication will excuse rape, see note in 36 L. R. A. 479.

BIRD, C. J.    It is the claim of the people that the complaining witness was riding in a Ford automobile with a man named Boggs, on the evening of July 12, 1924.    They parked their car at the side of the highway for a few moments to clean the windshield, and while doing so the defendant and three companions drove up in an automobile and stopped a short distance away.    They came over to Boggs' car and entered into conversation and represented that they were deputy sheriffs.    They later assaulted Boggs, and defendant and one of his companions dragged the girl out of the automobile, took her to a nearby tree, knocked her down and kicked her in the back and side after she was down.    Afterwards the defendant and one of his companions assaulted and raped her.

1. Defendant complains because the prosecuting attorney developed his case with the complaining witness with so many leading questions.    The record does not disclose that any objection was taken to this method of examination.    Had counsel who appeared for defendant in the trial court desired to save the question for this court they should have made their objections in the trial court.

2. The trial court instructed the jury as follows:

"The term 'reasonable doubt' does not mean that the prosecution must prove the respondent guilty beyond any doubt whatever, because if this were true then there never could be any conviction in a criminal case where the respondent did not plead guilty.    *The term 'reasonable doubt' is not meant as a stumbling block for the jury.*"

That part of the instruction in italics is complained of as being error.    It might have been just as well to omit that sentence, but we see no error in it.    When considered in connection with the context it does not appear harmful.

3. The jury were instructed that:

"Something has been said in this case about the respondent and his companions having had liquor to drink. On that subject I give you the following: It is well settled law in this State that voluntary drunkenness is not a defense to crime. A man who puts himself in a position to have no control over his acts must be held to intend the consequences. The safety of the community requires this rule. Intoxication is so easily counterfeited, and when real is so often resorted to as a means of nerving a person up to the commission of some deliberate act, it is so inexcusable in itself that the law has never recognized it as an excuse for crime."

Counsel's criticism of this instruction is that "the trial court made light of, belittled, palliated and made insignificant the testimony of the defendant as to his intoxication." If stating the law in a plain unvarnished way is belittling defendant's intoxication, then perhaps counsel's statement is well taken. It will suffice to say that we receive no such impression from the instruction.

4. Counsel insist the trial court should not have submitted the case to the jury because a case of rape was not proven; that the proof of penetration was lacking, and that there could be no case of rape without that proof. The complaining witness testified on that subject as follows:

"*Q*. And who was holding you then?
"*A*. Why, just Tom was holding me down.
"*Q*. Had you been struggling at that time, all the time that Fred was assaulting you?
"*A*. Yes, sir.
"*Q*. How was your strength at that time?
"*A*. I felt my strength slipping several times, but I just kept on fighting.
"*Q*. While Tom was assaulting you, were you struggling?
"*A*. Yes, sir.
"*Q*. Did Tom penetrate your private parts?
"*A*. Yes, sir.
"*Q*. With his?

"*A.* Yes, sir.

"*Q.* He completed an act of rape on you there?

"*A.* Well, I just don't know to what extent either.

"*Q.* You were positive that his privates entered yourself?

"*A.* Yes, sir.

"*Q.* How long did the act with Tom take place?

"*A.* Well, about five minutes or more.

"*Q.* Was Fred there at that time all the while?

"*A.* Yes, sir.

"*Q.* At that time did you make any outcry?

"*A.* No, sir.

"*Q.* Had you made any outcry before that time?

"*A.* Well, I kept hollering for them to leave me go— to let me alone and I begged for mercy.

"*Q.* You struggled—used all the strength you had?

"*A.* Yes, sir.

"*Q.* After Tom completed the assault there, what did you do then?

"*A.* Fred wanted to get back on me, but he saw a car coming.

"*Q.* Did the car have its headlights on?

"*A.* Yes, sir."

The testimony of the doctor who examined her the following morning tended to corroborate her statement. In view of this testimony this contention is not very persuasive with us.

There are other assignments, but we think they are not well taken. We have examined the record in this case with considerable care, and we are persuaded that defendant's rights were fully protected by the trial court, and we have no criticism to make of the conclusion which the jury reached.

The judgment of conviction is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.